IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONOS TRAVEL LTD., | ) Civil Action No. _____ |
| | ) |
| Plaintiff, | ) JURY TRIAL DEMANDED |
| | ) |
| v. | ) COMPLAINT FOR DESIGN |
| | ) PATENT INFRINGEMENT, |
| NEX TRAVEL, LLC, | ) TRADE DRESS INFRINGEMENT, |
| | ) FALSE DESIGNATION OF ORIGIN, |
| Defendant. | ) AND UNFAIR COMPETITION |

## COMPLAINT

Plaintiff Monos Travel LTD. ("Monos" or "Plaintiff"), through its attorneys, sues the defendant named above and says:

## STATEMENT OF THE CASE

1. This is a suit by Monos against Defendant, Nex Travel, LLC ("NEX" or "Defendant") for permanent injunction, damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees and costs from defendant for its willful and malicious acts. Namely, Defendant is being sued by Monos as a result of Defendant's sale, offers for sale, distribution, promotion and advertisement of an unauthorized and illegal copy of Monos' patented luggage product.

2. As set forth below, the unlawful acts of Defendant constitute design patent infringement, trade dress infringement, false designation of origin, and unfair competition under Federal and Delaware common law.

3. Monos sells distinctive luggage protected by U.S. Design Patent Number D957,125 (the "125 Patent") and by recognizable trade dress.

4.	NEX has recently began advertising and selling luggage that intentionally infringes Monos' design patent, incorporates the Monos trade dress, and is marketed using a web page and advertising that mimics Monos' distinctive advertising style.

5.	On information and belief, the NEX product and marketing is intentionally similar to the Monos products and marketing.

6.	The NEX infringing luggage is marketed using the same, or similar, retail trade channels as Monos' luggage and is claimed to provide many of the same features and benefits.

7.	NEX offers its infringing product to the same customers, or to the same classes of customers, as Monos. NEX's continued infringement has created and continues to create consumer confusion and a false association with Monos, and attracts attention from customers looking for genuine luggage from Monos.

8.	Through this Complaint, Monos seeks (1) injunctive relief to protect against the irreparable harm to the goodwill in its luggage, to prevent consumers from being misled into thinking that NEX is the source of, or is affiliated with, Monos' products, and to protect customers from purchasing NEX's products under the mistaken belief that they are associated with Monos; (2) injunctive relief against further infringement of the '125 Patent; (3) disgorgement of all profits from NEX's trade dress infringement, false designation of origin, unfair competition, and false advertising and damages sufficient to compensate Monos for infringement of '125 Patent; and (3) an award of treble damages and attorney fees and costs as a result of NEX's willful infringement.

## **THE PARTIES**

9.	Plaintiff, Monos is a Canadian Corporation with a principal place of business at 2288 Manitoba Street, 2nd Floor Vancouver, BC CANADA V5Y4B5.

10. Upon information and belief, Defendant Nex Travel, LLC is a Delaware limited liability corporation with a registered agent at 16192 Coastal Highway, Lewes, DE, 19958.

11. Personal jurisdiction over NEX is therefore proper in Delaware and in this judicial district.

## SUBJECT MATTER JURISDICTION AND VENUE

12. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331(federal question), and under the Patent Laws of the United States, 35 U.S.C. § 100 et seq., and under 28 U.S.C. §1338 (design patent, and trademark).

13. This Court has supplemental jurisdiction over the claims in the Complaint that arise under the statutory and common law of the State of Delaware pursuant to 28 U.S.C § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14. Venue is proper in this District under 28 U.S.C. § 1400(b) because NEX is a resident of Delaware.

## FACTS COMMON TO ALL COUNTS

### Monos' Intellectual Property

15. Monos is a company built on a love of travel and has become a leading provider of products that support travelers in their adventures and help them explore their world. Since at least as early as 2018, Monos has been developing and providing innovative luggage for travelers with a sense of wonder, curiosity and gratitude and an appreciation for excellence.

16. Monos began selling its distinctive luggage at least as early as November 2018.

17. Monos' unique approach to luggage has featured its matte textured polycarbonate shell, TSA-approved lock on the long side of the luggage, grooved design with at least one of the grooves continuing around the sides of the luggage, circular logo in the upper right corner of the

3

front of the luggage, distinctive wheel guards, zippers that lock perpendicularly, and nearly flush, immediately above the side handle but below the combination lock, and two fixed handles and one telescoping handle where the fixed handles have a wide flat ribbon shape with an embossed brand logo (collectively, the "Design Elements").

18. Monos' travel offerings include a full line of luggage products. Each of the Monos luggage products feature the Design Elements.

19. A photo of one example of a Monos luggage product is shown below.



**The Monos Design Patent**

20. On January 25, 2019, Monos filed a design patent application for its unique, novel and distinct design of luggage, with the United States Patent and Trademark Office. The application received the Serial Number of 29/678,118.

21. The "125 Patent issued from the application on July 12, 2022 .

22. Monos is the owner of all rights, title and interest in and to the '125 Patent for Luggage (a copy thereof is attached as Exhibit A).

23. Figure 1 from the '125 Patent is shown below.



**Commercial Success of the Monos Luggage**

24. The Monos luggage products, which embody the design claimed in the '125 Patent, became an almost instant success.

25. Monos' luggage has received industry recognition and awards for its style and/or design including an A'Design Award, a Forbes Top Tested Luggage finding that Monos was the Best Hardside Luggage for 2024, a Cosmopolitan article finding that Monos luggage "reigns supreme", and other favourable press coverage in publications such as Fast Company, the New York Post, Travel and Leisure, Business Insider and Forbes.

26. Monos continues to offer its distinctive luggage through its website to customers throughout the world, including in the United States and in this judicial district.

27. The Design Elements of the Monos luggage have become synonymous with the business and quality of Monos. The Monos luggage has a unique and distinct appearance as a result of the Design Elements. Because the Monos luggage is unique customers recognize it as a Monos product.

28. The Monos luggage incorporates a trade dress comprising a distinct "look and feel" of elements. This trade dress includes the Design Elements. These elements of the design are used on Plaintiff's luggage in combination to create Monos' luggage trade dress. Monos' luggage has become readily identifiable by the consuming public as originating from Monos.

29. The distinctive and innovative "look and feel" of Monos' luggage includes the elements described above that together and in combination create an overall visual impression unique to Monos.

**Defendant's Infringing Conduct**

30. Defendant, without Monos' permission, unlawfully and willfully used Plaintiff's popular patented luggage design and trade dress, by utilizing the overall look and feel of the product, and began selling knock off versions of Plaintiff's product, which knock off versions look

identical, or nearly identical to Plaintiff's product, on its website.  Defendant offers the infringing product in colors that look identical, or nearly identical to the colors of Plaintiff's products.

31.     A sample of Defendant's infringing products are shown below:

| Monos Luggage | NEX Infringing Luggage |
|---|---|
|  | |



32. Defendant has also incorporated the look and feel of the Monos website and product line.

33. For example, Defendant has copied the names and products of other products in the Monos catalog and advertised them in the same, or in an extremely similar, manner.

34. The Monos Weekender bag web page is shown below.



35. The NEX Weekender bag web page is shown below.



9

36. This Court has jurisdiction to resolve claims made herein by Monos for damages that concern and relate to NEX's actions for design patent infringement, trade dress infringement, and unfair competition.

## COUNT I

### Design Patent Infringement (Infringement of the '125 Patent)

37. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

38. Monos is the owner of all right, title and interest in and to the '125 Patent, and has been the owner at all times of NEX's infringement of the '125 patent.

39. The claimed design of the '125 Patent is shown in Figures 1 through 16 of the patent and described in the accompanying figure descriptions. See Exhibit A.

40. NEX has offered an infringing version of the claimed design for sale, including through its website.

41. In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '125 Patent and the design of NEX's infringing luggage are substantially the same, such that the ordinary observer would be deceived into believing that Defendant's luggage design is the design claimed in the '125 Patent.

42. Monos has never authorized NEX to make, use, offer to sell or sell its patented luggage or the infringing product.

43. On information and belief, the foregoing acts of infringement are willful, intentional, and in disregard of and with indifference to the rights of Monos. On information and belief, NEX had knowledge of the patented design by virtue of the commercial success of the

Monos luggage. Defendant knew of its own infringement at least by virtue of its substantial copying of the claimed design.

44. Defendant directly infringed, and may continue to directly infringe, the '125 Patent by making, using, offering to sell, selling and/or importing their infringing luggage, having substantially the same ornamental design as the design claimed in the '125 Patent, in violation of 35 U.S.C. §271(a) and 289.

45. Upon information and belief, NEX was aware of the Monos luggage before it decided to launch its infringing product.

46. Upon information and belief, Defendant knew or should have known that the use, marketing, offering to sell and selling of the infringing product on its website would directly infringe the '125 Patent.

47. Defendant's infringement of the '125 Patent has caused and will continue to cause damage to Plaintiff.

48. Defendant's infringement also caused and will continue to cause irreparable harm to Monos unless and until such infringing conduct is enjoined pursuant to 35 U.S.C. § 283 and/or the equitable powers of this Court.

49. Upon information and belief, Defendant's acts of infringement have been or will be undertaken with knowledge of the '125 Patent and that such acts infringe the '125 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285, and entitle Monos to enhanced damages, treble damages, and reasonable attorney fees.

50. As a result of Defendant's infringement of Monos' exclusive rights under the '125 Patent, Monos is entitled to relief pursuant to under 28 U.S.C. §1338, and to its attorneys' fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

51.  The acts of Defendant are causing and, unless enjoined and restrained by this Court, will continue to cause Monos irreparable injury at least by virtue of causing confusion, eroding price and impairing Monos' ability to enjoy its exclusive right to make, use and sell the patented design. Monos has no adequate remedy at law. Pursuant to 35 U.S.C. §§ 284 and 285, Monos is entitled to injunctive relief prohibiting NEX from further infringing Monos' design patent and ordering that it destroys all unauthorized copies of the infringing luggage.

## COUNT II

### Trade Dress Infringement/Unfair Competition
### 15 U.S.C. § 1125

52.  Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

53.  Monos markets, offers, sells, and delivers in U.S. commerce its distinct luggage through its website.

54.  Prior to Defendant's conduct that forms the basis for this Complaint, consumers had come to associate the trade dress of the Monos luggage with Monos.

55.  Through its promotional efforts, business conduct, and continuous sales of the Monos luggage and its associated trade dress, Monos has developed and maintained customers globally and throughout the United States, including in the State of Delaware. Through its widespread and favorable acceptance and recognition by the consuming public, the "look and feel" of Monos' luggage has become an asset of substantial value as a symbol of Monos, its high-quality products and services, and its goodwill.

56.  Accordingly, Monos has established valid and enforceable trade dress rights in the "look and feel" of the Monos luggage, as described above.

57. Notwithstanding Monos' preexisting valid and enforceable rights in the "look and feel" of the Monos luggage, Defendant, without permission or approval from Monos, is using Monos' trade dress on its own luggage by offering for sale luggage that has identical or substantially the same "look and feel" as Monos' luggage, which luggage Defendant has sold in the United States, including in Delaware.

58. As a result of Defendant's unauthorized sale of infringing luggage, Defendant has been using, and may continue to use without authorization, Monos' luggage trade dress.

59. Monos and Defendant sell (and have been selling) their respective products to customers and clients and/or the relevant consumer base in the same geographical locations and through the same trade channels.

60. Defendant is a direct competitor of Monos.

61. Defendant's unauthorized use of the "look and feel" of the Monos luggage, in connection with offering for sale and selling competing products is not authorized by Monos and is likely to cause consumer confusion and mistake, and to deceive consumers as to the source, origin, or affiliation of Defendant's products.

62. Monos has a discernible interest in the "look and feel" of the Monos luggage, and Monos has been, and continues to be, injured by Defendant's unauthorized and unlawful use of Monos' trade dress.

63. Defendant's unauthorized use of the "look and feel" of the Monos luggage will cause confusion among purchasers and potential purchasers of Monos' products.

64. The acts by Defendant described above constitute an infringement and misappropriation of Monos' rights in and to the use of the "look and feel" of the Monos luggage,

with consequent damages to Monos and the business and goodwill associated with and symbolized by Monos' trade dress, and, specifically, give rise to this claim under 15 U.S.C. § 1125.

65. Defendant's acts of unfair competition have caused and are causing irreparable harm to Monos, Monos' goodwill, and Monos' rights in and to the "look and feel" of the Monos luggage, in an amount which cannot be adequately determined at this time and, unless restrained, will cause further irreparable injury and damage, leaving Monos with no adequate remedy at law.

66. On information and belief, Defendant's acts of infringement and misappropriation have been and are being committed with actual knowledge of Monos' prior rights in the "look and feel" of the Monos luggage, and are willful and in gross disregard of Monos' rights.

67. By reason of the foregoing, Monos is entitled to injunctive relief against Defendant, and anyone associated therewith, to restrain further acts of unfair competition and trade dress infringement, and to recover any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition and trade dress infringement, and to recover enhanced damages based upon the willful, intentional, and/or grossly negligent activities of Defendant.

## COUNT III

### Unfair Competition and False Designation of Origin
### Common Law and Del. Code tit. 6 § 2532

68. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

69. Monos owns common law trademark rights to its unique luggage design including the Design Elements and the additional trade dress elements described above. The luggage has been in continuous use in interstate commerce by Monos prior to any date which can be legally claimed by Defendant. The mark is distinctive by virtue of inherent distinctiveness and/or the

acquired distinctiveness in the mark, through Monos' efforts of promoting its goodwill and reputation in the relevant marketplace.

70. Defendant knowingly and willfully has been and may continue to advertise and sell (i) identically or nearly identically looking luggage, except for a few minor changes, and/or (ii) luggage which is identical to the unique design owned by Monos without authorization by Monos in the State of Delaware, and (iii) across numerous other states where Monos and Defendant conducts business.

71. Use by Defendant of the unique design of Monos' luggage in commerce is likely to cause confusion and has caused confusion, in the marketplace misleading the public into thinking Defendant's unauthorized use is somehow associated with Monos, causing competitive injury to Monos.

72. Acts of Defendant as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the services of Defendant.

73. As a direct and proximate result of Defendant's acts, Monos has suffered injury, including irreparable injury, and damages, including lost profits, reasonable royalties, and other damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a trial by jury and requests that the Court enter judgment as follows:

(a) Enter judgment against Defendant in favor of Monos for the violations alleged in this Complaint;

(b) Compelling Defendant to account to Monos for any and all profits derived as a result of its infringing acts;

(c) Award Monos all damages sustained by it as a result of Defendant's wrongful acts and all profits realized by Defendant due to its wrongful acts, pursuant to 35 U.S.C. §§ 284, 285, and 289;

(d) At Monos' election, awarding statutory damages in the maximum amount against Defendant for infringement of Monos' design patent, pursuant to 35 U.S.C. §§ 284 and 285;

(e) Award attorneys' fees and costs pursuant to 35 U.S.C. §§ 284 and 285;

(f) Directing Defendant to pay over to Monos its costs, disbursements and reasonable attorneys' fees and expenses, together with pre-judgment interest incurred by Monos in relation to trying to stop the infringement by the Defendant;

(g) For a permanent injunction, restraining Defendant and its affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with it from:

    i. Directly or indirectly infringing in any manner Monos' design patent; and

    ii. From causing, contributing to, enabling, facilitating, or participating in the infringement of Monos' design patent or other exclusive rights;

(h) Order Defendant to pay discretionary costs and prejudgment interest;

(i) Order an accounting for any knock off products not presented at trial and an award by the Court of additional damages for any such knock off products;

(j) Order Defendant including all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant or in concert or participation with Defendant, and each of them, be enjoined from:

a. advertising, marketing, promoting, offering for sale, distributing, or selling infringing luggage;

b. using any trade dress, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to Monos' trade dress.

(k) Defendant be ordered to cease offering for sale, marketing, promoting, and selling and to recall all infringing goods, or any other goods bearing the Monos trade dress that is in Defendant's possession or has been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant, including posting same on any and all website and media owned or controlled by Defendant including but not limited to Facebook;

(l) Defendant be ordered to deliver up for impoundment and for destruction, all knock off tools, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, or other materials in the possession, custody or under the control of Defendant that are found to adopt or infringe any of Monos' trade dress or that otherwise unfairly compete with Monos and its products;

(m) Defendant be compelled to account to Monos for any and all profits derived by Defendant from the sale or distribution of the infringing products;

(n) Retaining jurisdiction of this action in this Court for the purpose of enabling Monos to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of such order, for the enforcement or compliance therewith, and for the punishment of any violation thereof;

(o) That Defendant unjustly enriched itself and that Monos be awarded damages arising out of the unjust enrichment;

(p) Awarding prejudgment interest and costs;

(q) Finding this to be an exceptional case and awarding reasonable attorneys' fees to Monos;

(r) Based on Defendant's willful and deliberate infringement, and to deter such conduct in the future, Monos requests punitive damages including prejudgment and post-judgment interest on all monetary awards, and to award treble damages to Plaintiff;

(s) Grant Monos such other and further relief, at law or in equity, to which Monos is justly entitled.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues permitted to be tried by jury.

| | |
|---|---|
| Dated:  August 6, 2024 | PANITCH SCHWARZE BELISARIO & NADEL LLP |
| | |
| | */s/ John D. Simmons* |
| OF COUNSEL: | John D. Simmons (#5996) |
| | Dennis Butler (#5981) |
| Michael Cukor | Keith A. Jones (#7011) |
| Vincent McGeary | Well Fargo Tower |
| **MCGEARY CUKOR LLC** | 2200 Concord Pike, Suite 201 |
| 150 Morristown Road, Suite 205 | Wilmington, DE 19803 |
| Bernardsville, NJ 07924 | Telephone: (302) 394-6001 |
| Telephone: (973) 339-7367 | Facsimile: (215) 965-1331 |
| mcukor@mcgearycukor.com | jsimmons@panitchlaw.com |
| vmcgeary@mcgearycukor.com | dbutler@panitchlaw.com |
| | kjones@panitchlaw.com |
| | |
| | **Counsel for Plaintiff Monos Travel, LTD** |